IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMIE REED                                                                                                    PLAINTIFF

v.                                          Case No. 4:24-cv-4104

FEDEX FREIGHT, INC.                                                                                    DEFENDANT

## ORDER

Before the Court is the parties' Joint Motion for Protective Order. ECF No. 14. The parties seek a protective order to safeguard the confidentiality of discovery material shared between the parties during this action. The parties have provided their Proposed Protective Order (ECF No. 14-1) with the instant motion.

Upon review, the Court finds that the parties' Joint Motion for Protective Order (ECF No. 14) should be and is hereby **GRANTED**. However, the Court finds it necessary to add language to the protective order requiring that the parties seek and obtain leave of the Court prior to filing any material under seal.[1]

The Protective Order is as follows:

1.

The Parties anticipate the production of confidential, proprietary, commercially sensitive and/or trade secret materials during discovery or at hearings in this case. In addition, the Parties anticipate that this case will involve the production of certain private information regarding non-parties. The Parties reasonably believe that the entry of this Protective Order is necessary and proper to: 1) protect FedEx from competitive harm in the marketplace; and 2) prevent the harm that would result from the unnecessary public dissemination of private information relating to non-

---

[1] The Court is also altering the parties' erroneous reference to the United States District Court for the Northern District of Texas in § 9 of the Proposed Protective Order. ECF No. 14, p. 7.

parties or to the medical treatment of Plaintiff. The specific categories of information to be protected as well as each basis for protection are detailed below.

2.

The Parties agree that this Protective Order shall govern the pre-trial disclosure and use of information, documents, tangible materials, testimony, responses to discovery and other information (or the contents and substance thereof) produced, served, disclosed, or filed by any party or third-party deponent or witness during the course of this litigation, whether produced voluntarily pursuant to a request under the Federal Rules of Civil Procedure, through discovery or other proceedings, or contained in any motion, pleadings, affidavit or brief, including, without limitation, all copies, excerpts, and summaries (collectively "Material") submitted to the Court during the course of this litigation or in connection with this action.

3.

As used herein, the meanings of the following terms are defined:

A. "Confidential Material" means: (1) "Trade Secrets" (as defined below in Paragraph 3F or (2) those specific categories of documents or materials described below in Paragraph 4.

B. "Designator" means one who provides, serves, discloses, or files any Non-Public Material that has been designated as "Confidential" in connection with this action.

C. "Non-Public" means material that is not readily ascertainable and that which the Designator has taken reasonable steps to maintain in secrecy. To the extent that a Designator seeks protection for material that may not constitute a Trade Secret as defined below (see ¶ 3F), the parties have described categories of information with reasonable specificity and have

explained why a substantial privacy interest exists in keeping those categories of information from public disclosure. These categories are described below in Paragraph 4.

      D.      "Parties" means, and is limited to, Jamie Reed and FedEx Freight, Inc. ("FedEx"), the named parties to this lawsuit.

      E.      "Person" means any individual who has agreed to be bound by this Order by signing the "Agreement to Be Bound by Court's Confidentiality Order." A copy of this Agreement is attached as "Exhibit A."

      F.      "Trade Secret" means a secret meeting the definition of a "trade secret" under A.C.A. § 4-75-601(4): "Trade Secret" means information, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique or process that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

4.

The Parties have an interest in keeping documents or materials confidential if such materials contain: 1) Trade Secrets, or 2) fall within the specific categories of materials identified below that would either cause competitive injury if revealed or would needlessly subject non-parties to the annoyance, embarrassment, and undue burden of having certain private information made public. To the extent the Parties designate materials that may not constitute a Trade Secret, a specific category or categories of "Confidential" materials are described in the subparagraphs below along with an explanation of why the Parties have a privacy interest in these categories of material:

A. "Marketing Strategy Documents" means Non-Public documents containing information regarding FedEx's strategy to improve or increase market share or that disclose FedEx's strategies and methods of selling or marketing its products or services. "Marketing Strategy Documents" could be used by competitors to disrupt or preempt FedEx's efforts to improve or increase its position in the marketplace. *See* Sullivan Mktg. v. Valassis Comm'ns, 1994 U.S. Dist. LEXIS 5824, *3 (S.D.N.Y. May 5, 1994)("pricing and marketing strategies are widely held to be confidential business information that may be subject to a protective order").

B. "Reorganization Documents" means Non-Public documents containing information regarding FedEx's plan for, and implementation of, any relevant recent corporate reorganization. Such documents include materials containing discussion or analysis of the effect and costs of such corporate reorganization. Reorganization Documents could be used by a competitor to disrupt or preempt FedEx's efforts to better position itself in the marketplace and align itself with its customers' needs. Reorganization Documents could also be used by a competitor to reorganize and implement those strategies that have proven successful for FedEx without having to incur the costs/risks associated with creating and implementing new strategies. *See* C.A. Muer Corp. v. Big River Fish Co., 1998 U.S. Dist. LEXIS 12639, *5 (E.D.Pa. Aug. 10, 1998)("Commercial information such as…documents related to corporate structure have been protected by courts…."); Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 415 (M.D.N.C. 1991)(Noting that "commercial information, which encompasses strategies, techniques, goals and plans, can be the lifeblood of a business" and that such "information may [] be particularly deserving of protection if the disclosing corporation is vulnerable to competitors.").

C. "Non-Party Personnel Documents" means documents included in the personnel and employment files, maintained in the regular course of FedEx's business, of any employee or

4

former employee who is not a party to this action. These documents include information relating to one or more of the following types of private information:

    (a)    Social security numbers or other government-issued number by which a social security number is ascertainable;

    (b)    Compensation, benefits, salaries and rates of pay;

    (c)    Results of drug testing;

    (d)    Criminal history;

    (e)    Accommodations for disabilities;

    (f)    Medical history or treatment information;

    (g)    Wage information and financial or credit history, including garnishments;

    (h)    Documents relating to specific individual complaints of discrimination, filed internally or externally, where an employee is identifiable;

    (i)    Any document that describes disciplinary action or the reason for termination, where an employee is identifiable; and

    (j)    Any document that describes a manager's assessment of the employee's work performance, where an employee is identifiable.

Defendant may redact any social security numbers set forth in any documents produced, as well as the address and telephone number of any current or former supervisory-level employees. The confidential information provided shall also exclude wages, salary and benefits by redaction. *See* Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994)(privacy interest justifies limiting counsel's ability to root through personnel files of non-party employees); Knoll v. AT&T Corp., 176 F.3d 369 (6th Cir. 1999)(employer has valid interest in the privacy of non-party personnel files that justifies district court's grant of protective order); R&R Packaging, Inc. v. Evenflo Co.,

2021 U.S. Dist. LEXIS 136338, *4 (W.D.Ark., July 22, 2021)(finding good cause for entry of a protective order for personnel files); Nuckles v. Wal-Mart Stores, Inc., 2007 U.S. Dist. LEXIS 34339, *2 (E.D.Ark., May 10, 2007)("[t]here is a strong public policy against the public disclosure of personnel files").

      D.    "Medical Records of Plaintiff" means the records and notes received from Plaintiff's health care providers regarding the medical treatment and counseling of Plaintiff.

      E.    "Financial Records of Plaintiff" means the wage and benefit information and financial and credit history pertaining to Plaintiff.

5.

In the event that any documents, materials, testimony, or other matters produced during the course of discovery are designated as "Confidential" in accordance with this Order, such documents, materials, testimony, or other matters, and the information therein, shall be maintained in confidence and shall be subject to the remaining provisions of this Order.

6.

A Designator may designate material as "Confidential" <u>only if</u> that material is (1) a Trade Secret or (2) falls within the specific categories of materials described above in Paragraph 4. The material so designated shall be deemed "Confidential Material" subject to this Protective Order. In designating materials, the Parties will designate only those portions of materials that contain Trade Secrets or fall within the specific categories of materials. If materials or documents also contain information that is not a Trade Secret or does not fall within the specific categories of materials described above in Paragraph 4, the Parties will endeavor in good faith to redact only those portions of the materials that contain Trade Secret material or fall within the specific categories of materials described in Paragraph 4.

7.

The restrictions set forth in this Protective Order shall not apply to information or tangible items which, at or prior to disclosure in this action, have been placed in the public domain by the producing party or which, after disclosure, come within public knowledge, in substantially the same form in which it is being produced, other than by act or omission of the one receiving the Material or its agents, consultants, or attorneys.

8.

Subject to Paragraph 11 below, any and all documents, materials, testimony or other matters developed during the course of discovery and designated as "Confidential" shall be used solely for the purpose of this lawsuit.

9.

When any "Confidential Material" is embodied in any document, or attachment thereto, which is ultimately filed with this Court, it shall be designated as "confidential" and shall be maintained under seal of the Clerk of the United States District Court for the Western District of Arkansas.  Documents filed under seal shall not be made public or unsealed unless done so by order of the Court.  If the Parties, in good faith, believe that Confidential Material will be presented in a pretrial proceeding or at trial, and that such presentation is likely to result in irreparable harm, the Court will entertain a motion filed by either party to place such pretrial proceeding under seal. Parties must seek and obtain leave of the Court prior to filing any material under seal.  Confidential performance reviews or disciplinary records that are proffered in support of or in response to a Motion for Summary Judgment in this action may be filed unsealed and excluded from the restrictions of this Order.

10.

Deposition testimony and exhibits containing Confidential Material may be designated as "confidential" either at the time of the deposition or by written notice to opposing counsel and the court reporter not later than ten (10) business days after receipt of the deposition transcript. During such ten (10) business day period, the entire deposition transcript and all exhibits shall be deemed Confidential Material for the purposes of this Protective Order. Thereafter, only those portions of the transcript and exhibits that have been designated as Confidential Material shall be so treated.

11.

The designation of such documents or information as Confidential Material shall mean that such Confidential Material shall be used only for the purpose of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

(a) To the named Plaintiff or Defendant and their respective counsel of record (hereby defined to include other attorneys and staff in their law firm/law departments who are working on this case) who have a need to review the information;

(b) To deponents and witnesses provided such deponents or witnesses expressly agree by signing the attached Agreement to be bound by the terms of this Confidentiality Order and not to disclose Confidential Material to any party or person outside this litigation;

(c) To expert witnesses for use only in connection with their roles as experts in this action, provided such expert witnesses or prospective expert witnesses expressly agree by signing the attached Agreement to be bound by the terms of this

|     |     |
| --- | --- |
|     | Confidentiality Order and not to disclose Confidential Material to any party or person outside this litigation; |
| (d) | To witnesses involved in any hearing or proceeding conducted by the Court, and witnesses who are otherwise involved in assisting in the preparation of this action, provided that Confidential Material is only shown to such person and such person states that he or she agrees to be bound by the terms of this Confidentiality Order by signing the attached Agreement. |
| (e) | To the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, or any other government agency with jurisdiction over issues covered in this action; |
| (f) | To the Court and the jury during the trial in this case; |
| (g) | To court reporters and their stenographic employees transcribing testimony in and from notes taken during depositions and hearings held in connection with this action; |
| (h) | To a mediator appointed by the court or agreed to by the parties to assist with settlement negotiations in this case; and |
| (i) | Any other person agreed to by the parties or as the Court may direct. |

Each individual to whom disclosure is made shall first agree to be bound by the provisions of this Confidentiality Order. In the event that a non-party witness refuses to agree to be bound by this Confidentiality Order, the Parties will endeavor to resolve the issue amongst themselves before seeking court intervention.

12.

Neither Plaintiff nor Defendant nor their counsel of record shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Material except as necessary for purposes of this litigation.

13.

Neither Plaintiff nor Defendant nor their counsel of record shall discuss or disclose the contents of any Confidential Material with any other person, except between themselves for purposes of this action or as otherwise permitted in this Protective Order. Nothing in this Order shall bar or otherwise restrict any attorney for either of the Parties from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying in a general way upon his examination of "Confidential Material(s)" produced herein; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of or the source of any "Confidential Material" produced, the disclosure of which would be contrary to the terms of this Order.

14.

Nothing in this Protective Order shall prohibit the Parties or a non-party from objecting to the production or disclosure of Confidential Material solely on the grounds that such information is confidential or sensitive, and likewise nothing contained herein shall preclude any Party or non-party from challenging the confidential designation of any document or information. Furthermore, nothing in this Protective Order shall preclude the parties from objecting to the admissibility or use of the Confidential Material in this litigation or in any other proceeding.

15.

Where disputes arise as to the applicability of this Protective Order to any document or information produced or provided by Plaintiff or Defendant, such disputes shall be resolved, if possible, by agreement of the parties and/or non-parties. If after a reasonable time and effort the parties or non-parties cannot reach an agreement to resolve such a dispute, the party or non-party seeking to remove the "confidential" designation may move the Court to rule on the issue. Documents or information designated as Confidential Material pursuant to this Protective Order shall be treated as such unless and until the Court rules otherwise. This Protective Order shall remain in full force and effect until modified, superseded or terminated by consent of the specified parties or non-parties or by order of the Court made upon reasonable, written request.

16.

The unintentional disclosure of any Confidential Material by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claims of privilege, work product immunity, or the confidentiality of the specific Confidential Material disclosed or as to any other related information. In the event of any unintentional disclosure to non-parties of Confidential Material, the producing party shall promptly notify the receiving party and make every effort to prevent further unauthorized disclosure. The receiving party shall retrieve and return any such material and counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes that were generated based upon such unintentionally-produced information shall be immediately treated in conformance with the protected nature of the information.

17.

Prior to the trial of this matter, the Parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of "Confidential Materials" at trial, and shall make such a proposal no later than the final pretrial conference in this case. If the Parties are unable to reach an agreement on this subject, each party may make its own submission to the Court no later than the final pretrial conference.

18.

The provisions of this Protective Order shall apply from the date this Order is entered to any and all documents produced in this case and to any and all information produced, obtained, or disclosed, whether produced, obtained, or disclosed before or after the entry of this Order.

19.

Within sixty (60) business days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceeding, counsel shall collect from the parties, witnesses, experts, employees, and any others to whom Confidential Material has been revealed under this Protective Order, all Confidential Material (and all copies, transcriptions, or reproductions in any form whatsoever) in their possession, custody or control, including deposition transcripts marked as containing Confidential Material, and destroy such Confidential Material. In addition, any non-privileged abstracts or summaries of such Confidential Material prepared by the parties or their counsel or experts shall be returned to the counsel for Defendant or destroyed. Therefore, the parties shall provide opposing counsel a communication attesting that the party and its counsel is in compliance with this provision in the Order. Notwithstanding the foregoing, at the close of the case, counsel for both parties may retain copies of those Confidential documents that are filed with

the Court, used at trial, or made an exhibit to a deposition so long as those documents are held in the strictest confidence and remain subject to the provisions of this Order.

20.

This Protective Order is entered without prejudice to the right of any party or non-party to seek modification of this Order for good cause.

21.

The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Protective Order.

**IT IS SO ORDERED**, this 2nd day of April, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge